UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| JEROME BEY, | ) |
| Plaintiff, | ) Case No. 3:18-cv-00063-GFVT |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| FRANKLIN COUNTY REGIONAL | ) **&** |
| DETENTION CENTER, et al., | ) **ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

On November 27, 2018, the Court directed *pro se* plaintiff Noble Jerome Bey to take certain steps with respect to his pending lawsuit if he wished to continue litigating his claims in federal court. [R. 4.] The Court gave Bey a thirty day deadline to comply with the terms of its order. [*See id.*] One month after the Court issued its order, the Court received Bey's motion to proceed *in forma pauperis* and accompanying financial documentation, which were signed by Bey on December 24, 2018. [R. 6; R. 7.] However, the Court did not receive Bey's amended complaint. Accordingly, several days after Bey's deadline to comply with the Court's order passed, the Court screened Bey's original complaint and found that it failed to state a claim upon which relief could be granted. [R. 8.] Not until January 9, 2019, a week after the Court issued its order dismissing Bey's case, did the Court receive Bey's amended complaint. [R. 9.]

Similar to the motion to proceed *in forma pauperis* which the Court received on December 27, 2018, Bey's amended complaint was signed on December 24. [*Compare* R. 6 *with* R. 9.] The Court does not know why Bey's amended complaint was not postmarked until January 8 when the fee motion was postmarked much sooner. Nevertheless, the Court will treat

Bey's amended complaint as timely filed. According to the prison mailbox rule, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). "[A]bsent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Id.* Because Bey's amended complaint was signed before the filing deadline under this rule, the Court vacates the portion of its January 2, 2019 order dismissing Bey's action based on the initial complaint. [R. 8.] Instead, the Court will now screen Bey's amended complaint pursuant to 28 U.S.C. § 1915(e).

Unfortunately for Bey, his amended complaint still fails to survive the Court's section 1915 preliminary screening. As for Bey's claim against the unnamed nurses for their alleged failure to provide him with the eczema cream of his choice [*see* R. 9 at 2-3], that claim as pled does not rise to the level of an Eighth Amendment violation. As the Court explained in its prior order, in order to state a cognizable Eighth Amendment claim for inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim involves a two-part inquiry with both an objective and a subjective component: (1) the plaintiff must allege a sufficiently serious medical need and (2) the plaintiff must allege facts that "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (quoting *Comstock v. McCrary*, 273 F.3d 693, 607 (6th Cir. 2001)).

Even if the Court were to assume, for the sake of argument, that Bey's eczema constituted a sufficiently serious medical need, Bey has not alleged in his complaint that the nurses intentionally disregarded a substantial risk to his health. Instead, the complaint states that

a nurse did provide Bey with some form of treatment for his eczema; the provided cream was just not what Bey preferred or desired. [*See* R. 9 at 3.] Notably, allegations of medical malpractice or negligent diagnosis and treatment are not cognizable in the constitutional context. *See, e.g., Alexander v. Federal Bureau of Prisons*, 227 F. Supp. 2d 657, 665 (E.D. Ky. 2002). "Moreover, when a plaintiff claims deliberate indifference to his serious medical needs but the case involves a difference of opinion between the plaintiff and a doctor regarding the plaintiff's diagnosis and treatment, no claim is stated." *Id.* (citing *Estelle*, 429 U.S. at 107). While it appears that Bey dislikes the type of cream the nurse provided him, this disagreement over the appropriate care for his eczema does not rise to the level of a constitutional violation.

Bey's other claim alleges that two lieutenants have failed to provide him with certain legal documents. With respect to this claim, Bey's complaint specifically states:

> Early November I had wrote Lt. D. Miller and Lt. McKeehin about my legal documents that I must have to study for my 11.42 post-conviction case that I'm fighting cause I have no attorney, I'm representing myself in Propria Persona, and they will not give me my legal documents, or medical cream.

[R. 9 at 2.]

Although prisoners have a constitutional right to access the courts, *see, e.g., Bounds v. Smith*, 430 U.S. 817 (1977), this right of access is not equated with unlimited access to legal materials or assistance. *See, e.g., Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Further, a plaintiff must show actual injury in order to state a claim for interference with access to the judicial system, and "meaningful access to the courts is the touchstone." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal quotation marks and citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a

complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citation omitted).

In this case, Bey references "my legal documents", which he says are necessary to "study" for his pending postconviction case, but he does not explain what exactly these documents are. Bey's ability to file this federal lawsuit, receive mail from the Court, and return the requested forms suggests that Bey is in fact receiving his legal mail. To the extent the documents Bey wishes to "study" are case law resources available from a law library or other source, Bey has not claimed that his failure to access the desired documents has caused him actual injury. Because of the lack of facts stated with respect to this claim, the Court will dismiss the claim without prejudice. If Bey re-files a claim for lack of access to legal materials, he should clearly explain what materials he is being denied and what harm this denial has caused him. *See Lewis*, 518 U.S. at 351; *Harbin-Bey*, 420 F.3d at 578.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The portion of the Court's January 2, 2019 order dismissing Bey's initial complaint for failure to comply with a Court order and under 28 U.S.C. § 1915(e) [see R. 8] is **VACATED**;

2. Bey's claim for a violation of the Eighth Amendment is **DISMISSED WITH PREJUDICE;**

3. Bey's claim that he was denied access to legal materials is **DISMISSED WITHOUT PREJUDICE**;

4. This action is **CLOSED** and **STRICKEN** from the Court's active docket; and

5. Judgment shall be entered contemporaneously herewith.

This the 28th day of January, 2019.

Gregory F. Van Tatenhove
United States District Judge